UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA L. ASHBY, | CASE NO. C18-1655-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Jessica Ashby's motion to vacate, set aside, or correct her sentence, under 28 U.S.C. § 2255, (Dkt. No. 1) and motion to appoint counsel (Dkt. No. 4). Petitioner pled guilty to conspiracy to distribute heroin. *See United States v. Cota-Muniz*, Case No. CR17-0111-JCC, Dkt. Nos. 63, 75 (W.D. Wash. 2017). On December 11, 2017, Petitioner was sentenced to 54 months of imprisonment. *Id.* at Dkt. No. 92.

Before directing service and answer to a habeas corpus petition, the Court must determine whether the motion, the files, and the records of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In her plea agreement, Petitioner waived "any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." *United States v. Cota-Muniz*, Case No. CR17-0111-JCC, Dkt. No. 63 at 9 (W.D. Wash. 2017). The Ninth Circuit has upheld the enforceability of a knowing and voluntary waiver of the right to bring a collateral

attack for pre-plea constitutional violations. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). However, such a waiver does not preclude a § 2255 claim for ineffective assistance of counsel or involuntariness of waiver. *Id.* Petitioner asserts three grounds for relief in her motion—(1) involuntariness of her plea agreement, (2) unlawful arrest, and (3) ineffective assistance of counsel. (*See* Dkt. No. 1.)

Because it concerns a pre-plea constitutional violation, Petitioner's unlawful arrest allegation is barred by her plea agreement. *See Tollett v. Henderson*, 411 U.S. 258, 266 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Petitioner's unlawful arrest ground is DISMISSED with prejudice. With regard to the other grounds for relief, the record does not conclusively show that Petitioner is entitled to no relief. Therefore, service on these grounds is proper.

The Court GRANTS Petitioner's motion for appointment of counsel (Dkt. No. 4). There is no general right to have counsel appointed in cases brought under 28 U.S.C. § 2255 unless an evidentiary hearing is required. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. Because Petitioner's claim involves facts that may require an evidentiary hearing, the Court finds the appointment of counsel appropriate.

Accordingly, the Court ORDERS as follows:

1. The Clerk shall direct a copy of this order to Petitioner.
2. If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of the § 2255 motion and of all documents in support thereof.

3. Within 45 days after such service, the United States shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2255 Cases in United States District Courts. As part of such answer, the United States should state its position as to whether an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Petitioner's motion is barred by the statute of limitations.

4. On the face of the answer, the United States shall note the answer for consideration on the fourth Friday after it is filed, and the Clerk shall note the answer accordingly. Petitioner may file and serve a reply to the answer no later than that noting date.

5. The Clerk is DIRECTED to refer this matter to the Criminal Justice Act Panel Coordinator for appointment of counsel.

DATED this 19th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE