THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA L. ASHBY,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C18-1655-JCC

ORDER

This matter comes before the Court on Respondent's motion for a limited waiver of Petitioner's attorney-client privilege, related to her 28 U.S.C. § 2255 petition (Dkt. No. 7).

Petitioner moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) On December 19, 2018, the Court ordered Respondent to file and serve its answer to Petitioner's § 2255 motion. (Dkt. No. 5.) Respondent now asks the Court to order a limited waiver of Petitioner's attorney-client privilege, based on her ineffective assistance of counsel claim. (Dkt. No. 7.) Respondent asserts that Petitioner waived her attorney-client privilege by attacking her prior counsel's performance. (*Id.*)

"[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). In her § 2255 motion, Petitioner alleges that her prior counsel: (1) was rarely available for questions; (2) advised that trial was not an

ORDER
C18-1655-JCC
PAGE - 1

option for Petitioner; (3) advised Petitioner that he did not believe that the Court would sentence Petitioner to more than twelve months and one day of imprisonment; (4) was aware that Petitioner was taking pain medications on the day of her plea, and advised Petitioner not to disclose this fact to the Court; and (5) did not explain the consequences of Petitioner's plea. (Dkt. No. 1 at 7.) Petitioner's § 2255 motion places her prior counsel's performance directly at issue. (*See* Dkt. No. 1 at 7.) It is therefore appropriate to allow a limited waiver of attorney-client privilege in order to authorize Petitioner's prior counsel to produce any relevant records, notes, correspondence, or other material, and to permit her prior counsel to provide a declaration or to testify at an evidentiary hearing.

In accordance with the above rulings, the Court ORDERS as follows:

(1) Petitioner, by raising issues related to the adequacy of her legal representation in her § 2255 motion, has waived her attorney-client privilege for the purpose of litigating the claims in her motion. Petitioner has waived the attorney-client privilege with regard to communications, evidence, records, notes, and other material that relate to the allegations set forth in her § 2255 motion.

(2) Petitioner's prior attorney, Sean Gillespie, is hereby authorized to disclose, to the Government and the Court, communications, evidence, records, notes, or other material regarding his representation of Petitioner, including the substance of otherwise privileged legal conversations and communications with or about Petitioner, by way of consultation, affidavit, testimony, or in any other form, that relate to the allegations set forth in Petitioner's § 2255 motion.

(3) The evidence provided pursuant to this order shall be used solely for the purpose of litigating Petitioner's § 2255 motion and shall not be admissible against Petitioner in any other proceeding. This order shall remain in effect even after the Court has ruled on the § 2255 motion. Both parties retain the right to apply to the Court for modification of this order.

//

1     DATED this 22nd day of February 2019.

$\phantom{space}$

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE