UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA L. ASHBY,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

CASE NO. C18-1655-JCC

ORDER

This matter comes before the Court on Petitioner Jessica Ashby's motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion in part, and ORDERS an evidentiary hearing in part, for the reasons explained herein.

## I.  BACKGROUND

In April 2017, Petitioner was charged with conspiracy to distribute heroin, distribution of heroin, and possession of heroin with intent to distribute. *See United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 20 (W.D. Wash 2017). In September 2017, Petitioner pled guilty to one count of conspiracy to distribute heroin. *United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 63. Petitioner was represented in her criminal case by Sean Gillespie. (Dkt. No. 13-1.) As part of her plea agreement, Petitioner acknowledged that she was involved in a conspiracy with her co-Defendants to distribute heroin, she was contacted by her

co-Defendant in order to provide assistance in completing a sale of heroin, and that she received instructions from undercover Homeland Security Investigations ("HSI") officers in order to complete a sale of heroin. (*Id.*) Petitioner alleges that Mr. Gillespie told her that if she agreed to this plea deal, her attorney "couldn't see the judge giving her more than a year and a day in jail". (Dkt. No. 1.)

One week prior to her plea hearing, while in custody, Petitioner gave birth to her son via C-section. (Dkt. No. 13-2 at 3.) Due to pain resulting from the C-section procedure, Petitioner was prescribed twice daily doses of 10mg of oxycodone. (Dkt. No. 13-1 at 1.) At 6:00 a.m. the morning of her plea hearing, Petitioner ingested 10mg of oxycodone. (*Id.*) Petitioner alleges that Mr. Gillespie was aware of her oxycodone use, and advised her not to tell the presiding judge about it, for fear of delaying the proceedings. (Dkt. No. 1 at 7.) Petitioner's plea hearing was presided over by the Honorable Mary Alice Theiler, U.S. Magistrate Judge. (Dkt. No. 11-1 at 1.) During the plea hearing, Petitioner told Judge Theiler that she was not under the influence of any drugs or alcohol. (*See* Dkt. No. 11-2.) At the end of the plea hearing, Petitioner pled guilty to conspiracy to distribute heroin. (*Id.*) In December 2017, she was sentenced to 54 months in prison, followed by 3 years of supervised release. (Dkt. No. 1 at 1.)

In November 2018, Petitioner filed for habeas corpus relief, alleging that her confinement is unconstitutional on several grounds. (*See* Dkt. No. 1.) First, she alleges that her guilty plea was not freely or voluntarily given, due to her narcotic use several hours before the hearing. (Dkt. No. 1 at 7.) Next, Petitioner alleges that Mr. Gillespie provided ineffective assistance of counsel for three separate reasons: first, that Mr. Gillespie knew that Petitioner was under the influence of narcotics during her plea hearing and failed to inform Judge Theiler or postpone the proceedings; second, that Mr. Gillespie failed to argue for a downward variance in her sentence based on her minimal role in the criminal offense; and finally, that Mr. Gillespie, by representing that she would receive a specific sentence if she took a plea deal, induced Petitioner to enter into the deal. (*See* Dkt. No. 1.)

## II. DISCUSSION

### A. Habeas Corpus Legal Standard

To state a cognizable claim under 28 U.S.C. § 2255, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon." 28 U.S.C. § 2255(b). A claim must be "so palpably incredible or patently frivolous as to warrant summary dismissal" in order to justify the refusal of an evidentiary hearing. *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Petitioner raises two grounds in support of vacating her sentence: incompetency during her guilty plea, and ineffective assistance of counsel.

### B. Competency During Plea

Petitioner argues that she did not plead guilty freely and voluntarily, because she was under the influence of the narcotic oxycodone during her plea hearing. (Dkt. No. 1 at 7.) At 6:00 a.m. on the morning of her plea hearing, prison staff gave Petitioner 10mg of oxycodone. (Dkt. No. 13-1 at 1.) During the hearing, which began at 11:00 a.m., Judge Theiler asked Petitioner if she understood the nature of the proceedings and the charges against her. (Dkt. No. 11-2 at 5.) She responded that she did. (*Id.*) Petitioner was asked if she understood the consequences of pleading guilty to the crimes that she was accused of. (*Id* at 6.) She responded in the affirmative. (*Id.*) She was also asked if she was currently under the influence of any drug, medication, or alcohol. (*Id.* at 4.) She responded that she was not. (*Id.*) Petitioner now argues that she was not competent to answer any questions or plead guilty during her plea hearing, due to a combination of the effects of oxycodone and post-partum depression. (Dkt. No. 1 at 7.)

Competency is defined as the ability to understand the proceedings and to assist counsel

in preparing a defense. *See Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also Godinez v. Moran*, 509 U.S. 389, 396 (1993). When allegations of intoxication made in a habeas corpus petition are grounded in reason, an evidentiary hearing may be necessary to determine if the petitioner was competent at the time of the plea hearing. *United States v. Howard*, 381 F.3d 873, 878 (9th Cir. 2004). As long as the allegations move beyond bald, conclusory, or incredible assertions, a hearing is required unless the petition, files, and record conclusively demonstrate that the petitioner was competent to plead guilty. *Id*. In this case, Respondent does not dispute that Petitioner ingested 10mg of oxycodone approximately five hours before her plea hearing. (Dkt. No. 11 at 4.) Oxycodone is a powerful narcotic that can affect one's ability to process information. Petitioner's assertion that she was under the influence of oxycodone at the time of the plea hearing is more than a bald or incredible assertion. Likewise, the record does not conclusively demonstrate that Petitioner was competent to plead guilty. Because Judge Theiler was aware of Petitioner's narcotic use, she did not probe into Petitioner's competency other than a series of standard questions. (Dkt. No. 11-2 at 4.) Further, Respondent has not provided medical evidence that conclusively establishes that Petitioner was competent. Respondent only argues that Petitioner affirmatively stated that she was competent to enter a plea, and her statements now contradict the statements she gave under oath during the hearing. (*See* Dkt. No. 11.) This is evidentiary, but not conclusory. *See Lopez v. United States*, 439 F.2d 997, 999–1000 (9th Cir. 1971). The Court ORDERS an evidentiary hearing to determine the competency of Petitioner in understanding the nature and consequences of pleading guilty during her plea hearing.

**C.**     **Ineffective Assistance of Counsel**

To allege ineffective assistance of counsel, a petitioner must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Deficient performance" is acts or omissions outside the wide range of professionally competent assistance. *Id.* at 690. To establish

prejudice, a petitioner must allege that but for counsel's errors, she would either have gone to trial or received a better plea bargain. *See United States v. Baramdyka*, 95 F.3d 840, 846–47 (9th Cir. 1996). Petitioner alleges three grounds of ineffective assistance of counsel: (1) Mr. Gillespie's failure to inform the court that she was under the influence of oxycodone during the plea hearing; (2) his failure to argue for a downward variance in her sentence based on her minimal role in the criminal offense; and (3) Mr. Gillespie's alleged representation to Petitioner that she would receive a specific outcome if she took a plea deal. (*See* Dkt. No. 1.)

### 1. Failure to Report Intoxication

Petitioner first argues that she received ineffective assistance counsel because Mr. Gillespie knew that she was under the influence of a narcotic during her plea hearing, and failed to alert Judge Theiler or move to continue her plea hearing. (Dkt. No. 1 at 7.) Petitioner alleges that, in addition to Mr. Gillespie's awareness of her competency issues, he counseled her to avoid saying anything to Judge Theiler if asked about it, out of fear of slowing down or postponing the proceedings. (*Id*.) Mr. Gillespie disputes Petitioner's account. (Dkt. No. 13-2 at 3.) Mr. Gillespie asserts that he was aware Petitioner might be on pain medication after having given birth the previous week, but that he had no concerns about her competency on the day of the hearing. (*Id*.) Mr. Gillespie states that Petitioner looked and acted normally, and he had no reason to doubt her competency, or bring her pain medication use to Judge Theiler's attention. (*Id*.)

The plea deal Petitioner entered had been negotiated and agreed to, with Petitioner's input, prior to the plea hearing. (*Id.* at 2–3.) There is no evidence that Petitioner was under the influence of narcotics or not fully able to comprehend the consequences of accepting the plea when Mr. Gillespie explained it to her, prior to the hearing. Because counsel acted according to his client's reasoned instructions at the plea hearing, his failure to question Petitioner's competency was not unreasonable because doing so might jeopardize the plea bargain, against his client's wishes. *See Miles v. Stainer*, 108 F.3d 1109, 1113 (9th Cir. 1997).

Even if the Court were to find that that Mr. Gillespie acted unreasonably, Petitioner does not allege any facts that would support an allegation that Mr. Gillespie's failure to inform Judge Theiler of Petitioner's narcotic use prejudiced her defense. Petitioner does not claim that, if the plea hearing was postponed, she would have rejected the plea deal and proceeded to trial. Nor does she claim that she had any reason to believe that her plea deal would have been altered if the plea hearing had been postponed. For these reasons, the Court finds that Mr. Gillespie did not render ineffective assistance of counsel by failing to inform Judge Theiler of Petitioner's narcotic use. Petitioner's request for habeas corpus relief on this ground is DENIED.

### 2. *Failure to Argue for a Downward Variance*

Petitioner next argues that she received ineffective assistance counsel when her attorney failed to argue for a downward variance in her sentence based on her minimal role in the underlying crime. (Dkt. No. 21 at 4.) Petitioner asserts that Mr. Gillespie failed to make such an argument during both plea negotiations and sentencing. (*Id.*) Petitioner claims that this left the Court with the impression that she was an average participant in the crime, with only a slight reduction in her sentence due to the Court's acknowledgment of her mental health issues. (*Id* at 5–6.) Petitioner alleges that there was no strategic basis for defense counsel to fail to make a "minor participant" argument during either plea negotiations or during sentencing. (*Id.* at 5.)

Even assuming that failing to argue for a downward variance during plea negotiations constitutes ineffective assistance of counsel, Petitioner has not shown that this decision prejudiced her. Petitioner's version of events regarding the underlying criminal conduct is directly contradicted by HSI's investigation, statements by her co-defendants, and even Petitioner's own statements contained in the criminal complaint. *See United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 1. In their complaint, the Government alleges that Petitioner was the point of first contact between the buyer and the supplier, and that Petitioner herself contacted the undercover officers with specific instructions on how to facilitate the drug deal. *Id.* After an extensive investigation, the United States Probation Office reached the

conclusion that Petitioner was an "average participant" in the criminal activity. *United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 82 at 5. Petitioner has not alleged any facts to support the conclusion that had Mr. Gillespie argued to the Government that Petitioner was a minor participant in the underlying criminal activity, Mr. Gillespie would have had any success in negotiating a more favorable plea deal, or that Petitioner would have received a more favorable sentence at trial.

Plaintiff also asserts that failing to advocate for a downward variance during sentencing resulted in ineffective assistance of counsel. Mr. Gillespie spent over 200 hours working on Petitioner's criminal case. (*See* Dkt. No. 13-2.) His sentencing memorandum in the criminal case reflects an in-depth inquiry into Petitioner's background and difficult personal circumstances. *United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 88 at 5. "A reasonable strategic choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). Given Petitioner's acceptance of the plea deal in which she stipulated to the Government's version of the facts, it was not unreasonable that Mr. Gillespie chose to focus on Petitioner's difficult childhood and history of abuse, as well as the positive steps she had taken in an attempt to get back to her young family. The decision not to focus on Petitioner's role was a tactical choice made by Mr. Gillespie on how best to argue for a lower sentence on behalf of his client. Petitioner has not alleged any facts to show that it was an unreasonable one.

Further, Petitioner has failed to prove that this strategic decision prejudiced her. Petitioner has not alleged any facts to support a conclusion that, had Mr. Gillespie argued for a downward variance based on her level of participation, he would have been successful in obtaining a lighter sentence. For those reasons, the Court finds that Mr. Gillespie did not render ineffective assistance of counsel by failing to argue for a downward variance based on Petitioner's level of participation in the crime. Petitioner's request for habeas corpus relief on these grounds is DENIED.

### 3. *Representation of a Guaranteed Sentencing Result*

Petitioner's final ground for ineffective assistance of counsel is that Mr. Gillespie told her that as a result of her plea, she would be getting a specific sentence. (Dkt. No. 1 at 4.) Specifically, Petitioner asserts "My lawyer said that my only option was to plead guilty, and due to my limited involvement, I would be getting a year and a day." (*Id.*) Petitioner then offers a different version of events in the next sentence: "My lawyer said that he can't see the judge giving me more time than that." (*Id.*) Mr. Gillespie explicitly refutes that he ever promised Petitioner a guaranteed sentence. (*See* Dkt. No. 13-1.) He maintains that he repeatedly informed Petitioner that the Court maintained discretion in deciding her sentence, and that she understood this fact. (*Id.* at 3.) Mr. Gillespie also alleges that between August 22, 2017 when the first plea offer was sent to Petitioner, and September 11, 2017 when Mr. Gillespie submitted the final version, Petitioner had an opportunity to review the documents in-depth, and suggest several revisions to the agreement. (*Id* at 3–4.) The plea documents clearly state that sentencing is discretionary, and that the plea carries no guaranteed sentence. *United States v. Cota-Muniz, et al.,* Case No. CR17-0111-JCC, Dkt. No. 63 at 5–7. Further, during her plea hearing Petitioner stated that she was aware of the fact that the Court has discretion in rendering her sentence. (Dkt. No. 11-1 at 10–11.) Analyzing the evidence in its totality, the Court finds that Petitioner has not alleged facts sufficient to support a finding that Mr. Gillespie rendered ineffective assistance of counsel by promising Petitioner a specific sentence.

Even assuming that Petitioner has met the first *Strickland* prong, in order to meet the second *Strickland* prong, Petitioner must show that there is a reasonable probability that, but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 52 (1985). Petitioner makes no such showing. Mr. Gillespie alleges that he informed Petitioner that her outlook at trial was not very good, and that if she chose to go to trial she would be facing a significantly longer period of incarceration. (Dkt. No. 13-1 at 3.) Mr. Gillespie asserts that Petitioner understood and agreed with his assessment. (*Id.*)

There is no evidence in the record that serves to contradict Mr. Gillespie's statement. Petitioner does not allege facts sufficient to show prejudice. For this reason, the Court finds that Mr. Gillespie did not render ineffective assistance of counsel during plea negotiations. Petitioner's request for habeas corpus relief on this ground is DENIED.

## III.   CONCLUSION

For the foregoing reasons, Petitioner's motion for habeas corpus relief (Dkt. No. 1) is DENIED in part, and an evidentiary hearing is ORDERED for 9:00 a.m. on July 12, to address the issue of Petitioner's competency during her plea hearing.

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE